**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ANTHONY HICKS                                                                                           PLAINTIFF

V.                                       NO: 2:11CV00143 HDY

RAY HOBBS *et al.*                                                                                  DEFENDANTS

**<u>ORDER</u>**

      Plaintiff Anthony Hicks, a former Arkansas Department of Correction inmate, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 12, 2011, and he was granted leave to proceed *in forma pauperis*. On August 29, 2011, Plaintiff filed a change of address notice indicating that he had been released from custody (docket entry #3-1).

      On May 7, 2012, the Court entered an order scheduling this matter for a pre-jury evidentiary hearing on October 23, 2012 (docket entry #19). That same order directed Plaintiff to file a list of any proposed witnesses, and a statement of his intent to continue with the prosecution of this case, no later than June 7, 2012, and warned him that his failure to respond could result in the dismissal of his lawsuit. When Plaintiff failed to respond, on June 18, 2012, the Court entered an order directing him to file his list of any proposed witnesses, as well as a statement of his intent to continue with the prosecution of the case, within 30 days (docket entry #21). That order also directed Plaintiff to pay the filing fee, or to submit an new *in forma pauperis* application which reflects his free-world financial status within 30 days. Although more than 30 days have passed, Plaintiff has not paid the filing fee, filed a new application for leave to proceed *in forma pauperis*, filed a list of proposed witnesses, filed a statement of his intent to continue with the prosecution of this case, or otherwise responded to the order. Under these circumstances, the Court concludes that

Plaintiff's complaint should be dismissed without prejudice for failure to pay the filing fee, failure to comply with Local Rule 5.5(c)(2), and for failure to respond to the Court's order. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to pay the filing fee, failure to comply with Local Rule 5.5(c)(2), and for failure to respond to the Court's order.

2. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  25  day of July, 2012.

UNITED STATES MAGISTRATE JUDGE